# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO OROZCO, et al., | Case No. 1:21-cv-01674-ADA-SAB |
| Plaintiffs, | ORDER RE: STIPULATED MOTION TO MODIFY SCHEDULING ORDER |
| v. | (ECF No. 29) |
| FCA US, LLC, | |
| Defendant. | |

A scheduling order for this matter issued on March 29, 2022, and has been modified once already. (ECF Nos. 17, 28.) Trial is currently set for March 26, 2024, with a pretrial conference on January 22, 2024. (ECF No. 28.)

On May 8, 2023, the parties filed a joint stipulation to continue deadlines, which the Court construes as a stipulated motion to modify the scheduling order. (ECF No. 29.) This is the parties' second request to modify the scheduling order. In their first request, which the Court granted, the parties requested a continuance of approximately four months of all deadlines. (ECF No. 27.) At that time, the parties proffered they were "working diligently to complete discovery but need[ed] more time to do so due to a high case volume," and indicated they would complete the vehicle inspection by May 1, 2023, and non-expert depositions by April 14, 2023. (Id. at 2.) This request was granted January 25, 2023, and all deadlines on the schedule were extended.

1

(ECF No. 28.)

The instant request proffers the parties have propounded and responded to some written discovery, but indicates written discovery is not complete. (ECF No. 29 at 3.) The parties further indicate they have "tentatively agreed" to depose Plaintiffs on June 26, 2023, and complete the vehicle inspection on July 17, 2023, and complete the Rule 30(b)(6) deposition of Defendant on July 10, 2023. (Id. at 3–4.) The parties also proffer they have "tentatively" agreed to mediate this case on July 24, 2023, but want to complete the depositions and vehicle inspection first. (Id. at 4.) The parties seek to continue all discovery deadlines, and the dispositive motion deadline, but they proffer they do not seek to continue the pretrial conference or trial date. (Id.)

The Court is perplexed by the parties' proffers of "due diligence." As to the latter deposition, the parties proffer that Plaintiff initially noticed Defendant's deposition—apparently unilaterally—for May 6, 2022, but the deposition did not occur on that date because Defendant objected to that date due to scheduling conflicts. (Id. at 3.) Plaintiffs do not indicate when they noticed Defendant's deposition, or whether they first endeavored to meet and confer with Defendant to set a reasonable date based on Defendant's availability. The only reason the parties proffer for requiring additional time to complete Defendant's deposition is that "due to the specialized nature of these lemon law cases, Defendant designated a few of the same individuals to testify at deposition on Defendant's behalf. These same few individuals are often busy in depositions in other cases and testifying at trials, thus narrowing the dates they are available for depositions." (Id. at 3.) Nonetheless, it remains unclear why, even given Defendant's limited schedule, the parties have been unable to schedule this deposition since March 29, 2022, having over a year to confer and find an available date.

Nor is the Court satisfied with the parties' explanation for failing to complete the vehicle inspection by May 1, 2023, and non-expert depositions by April 14, 2023, as they previously proffered they would do in their January 24, 2023 stipulated request to continue all deadlines. Counsel for Plaintiffs vaguely proffers these depositions have not yet been conducted "due to numerous scheduling conflicts and delays despite the Parties' best efforts." (Harman-Holmes Decl. ¶ 10, ECF No. 29-1.) But the parties provide no elaboration as to what "best efforts" were

made, or what "scheduling conflicts" prevented the parties from completing these two depositions and one inspection.

In sum, the parties indicate that, within the past year since the scheduling order was issued, they have completed some written discovery and nothing else. Despite being granted an extension of four months, the parties were still unable to complete—let alone schedule—three depositions and a single vehicle inspection.

Finally, the Court notes that the parties' proposal to modify the schedule without continuing the trial dates is untenable. The parties seek to move the dispositive motion deadline to October 2, 2023, but indicate they do not seek to continue the January 22, 2024 pretrial conference or March 26, 2024 trial date. The requested extended deadlines do not provide sufficient time for the Court to adjudicate any dispositive motion before the pretrial conference date. Rather, the Court requires <u>at least</u> six months, if not more, to adjudicate dispositive motions before the pretrial conference date. (<u>See</u> ECF No. 3 at 5 (cautioning parties that dates should be set to allow the Court to decide any matters under submission before the pretrial conference is set).) This is due to the judicial emergency that exists in this district, as the parties were advised in the November 19, 2021 "Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California."[1] (ECF No. 3-2; <u>see also</u> ECF No. 3-3 (advisement of rights to consent to Magistrate Judge jurisdiction).)

However, in the interests of facilitating settlement and promoting judicial efficiency, the Court shall grant the requested continuances and extend the trial dates, as needed. The parties are admonished for their apparent lack of diligence. Furthermore, the parties are cautioned that no further modifications to the schedule shall be granted, absent an <u>extremely</u> high showing of good cause (i.e., diligence), supported by declarations from all parties.

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated motion to modify the schedule (ECF No. 29) is GRANTED and the scheduling order is modified as follows:

---

[1] To this point, the Court reminds the parties that they may consent to magistrate jurisdiction. (<u>See also</u> ECF No. 17 at 2); Standing Order for Magistrate Judge Stanley A. Boone: Civil Management Procedures-General Civil Case Information, ¶ 1 (instructions on consenting to a magistrate judge). Furthermore, if the parties consent to magistrate judge jurisdiction, the Court will revisit resetting the trial dates, as Magistrate Judge Boone is not burdened by felony trials.

1. Non-Expert Discovery Deadline: **July 17, 2023**;
2. Expert Disclosure Deadline: **July 24, 2023**;
3. Supplemental/Rebuttal Expert Disclosure Deadline: **August 7, 2023**
4. Expert Discovery Deadline: **August 21, 2023**;
5. Dispositive Motions Deadline: **October 2, 2023**;
6. Pretrial Conference: **March 18, 2024,** at **1:30 p.m.**, in **Courtroom 1**; and
7. Trial: **May 21 2024**, at **8:30 a.m.**, in **Courtroom 1**.

IT IS SO ORDERED.

Dated: **May 9, 2023**

UNITED STATES MAGISTRATE JUDGE